UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| JULIE A. SU, Acting Secretary of Labor United States Department of Labor, <br><br> Plaintiff, <br><br> v. <br><br> CACTUS CANYON QUARRIES, INC., and JACK ANDY CARSON, <br><br> Defendants. | ) ) ) ) Civil Action No. 1:23-cv-01147 ) ) ) ) ) ) ) |

**COMPLAINT FOR INJUNCTIVE RELIEF UNDER**
**30 U.S.C. § 818(a)(1) and 28 U.S.C. § 1331**

Acting Secretary of Labor, Julie A. Su, ("Acting Secretary") brings this action under Section 108 of the Federal Mine Safety and Health Act of 1977, 30 U.S.C. § 818, seeking an order enjoining Cactus Canyon Quarries, Inc. ("CCQI") and Jack Andy Carson ("Carson") from refusing to permit the inspection of the Fairland Plant and Quarries ("the Fairland Plant"), Federal Mine Identification ("Mine ID") 41-00009. 30 U.S.C. § 818(a)(1)(D).

1. Jurisdiction over the subject matter of this action is conferred upon the Court by Section 108(a)(1) of the Mine Act, 30 U.S.C. § 818(a)(1), as well as 28 U.S.C. § 1331.

2. Defendant CCQI, Mine ID 41-00009, at all times hereinafter mentioned, is a corporation, incorporated in the state of Texas, that operates the Fairland Plant, a surface mine, located at 7232 County Road 120, Marble Falls, Burnet County, Texas, within the jurisdiction of this court.

3. Venue is proper as to all parties within the Western District of Texas.

4. At all relevant times, Defendant CCQI., owned, operated, controlled and supervised the Fairland Plant. CCQI is an "operator" as defined in § 3(d) of the Act 30 U.S.C. § 802(d).

5. Defendant Carson is CCQI's president and controller.

6. The Fairland Plant produces stone material for flooring and is engaged milling in that it sized dimensional stone material by crushing and screening it. Consequently, it is a mine under Section 3(h)(1) of the Mine Act, 30 U.S.C. § 802(h)(1).

7. At all times hereinafter mentioned, Defendants acting in concert, operated a surface mine, the products of which enter commerce, or the operations or products of which affect commerce, and as such are subject to the provisions of the Federal Mine Safety and Health Act of 1977, as amended

8. On May 24, 2023, the Federal Mine Safety and Health Review Commission ("FMSHRC") issued a decision in which Administrative Law Judge Manning rejected all Cactus Canyon's arguments that the Fairland Plant was not a mine and found that the Fairland Plant was subject to Mine Act jurisdiction. **Exhibit A**, *Declaration of Will O'Dell in Support of Injunction,* **Attachment 2**, *Sec'y of Labor v. Cactus Canyon Quarries*, Dkt. No. CENT 2022-0010-M, 2023 WL 3790763 (ALJ May 24, 2023).

9. Section 103 (a) of the Mine Act mandates that the Mine Safety and Health Administration ("MSHA") conduct in-person inspections of each surface mine at least two times a year under the Mine Act, as a designated representative of the Secretary of Labor. 30 U.S.C. 813(a).

10. CCQI continues to engage in the same mining practices, the preparation of rock to be used in terrazzo flooring, at the Fairland Plant as Judge Manning determined constituted

mining under the Mine Act. Accordingly, CCQI, Fairland Plant is subject to MSHA jurisdiction which is due to be inspected pursuant to the requirements of the Mine Act.

11. On prior occasions when MSHA has gone to the Fairland Plant for compliance inspections, Defendant Carson has engaged in verbally aggressive, confrontational behavior towards MSHA inspectors.

12. On or about, September 7, 2023, Carson sent MSHA a certified letter, threatening that MSHA would be "treated as trespasser" and MSHA should not send an inspector to the mine to "test our resolve in treating the inspector as a trespasser." *See* **Exhibit A, Attachment 1**, *Carson Letter*.

13. Carson sent the letter to MSHA even though the issue of whether the Fairland Plant is a mine and under MSHA's jurisdiction was decided four months ago when the ALJ Manning found the mine is subject to MSHA jurisdiction. Defendants have appealed that decision; however, this appeal does not stay the decision or prevent MSHA from carrying out its statutorily mandated duties.

14. Carson's letter represents a credible threat to the physical safety of MSHA employees that must go to Fairland Plant to conduct the statutorily mandated in-person inspection.

15. After receiving this letter, MSHA spoke with Carson and then issued a citation to the Fairland Plant under 30 0 U.S.C. 813(a) for refusal to permit an authorized MSHA inspector to enter the mine. In so doing, MSHA provided Carson two opportunities to rescind his letter and withdraw his objection to the upcoming inspection. To date, Carson has refused to do so and maintained his opposition to the inspection of the Fairland Plant mine. *See* **Exhibit A** at ¶10; **Exhibit A**, **Attachment 3,** *Citation to Carson*.

16. MSHA has in good faith attempted to informally resolve Defendants' objections to the upcoming inspection with Carson to no avail. Defendants' opposition is in defiance of the ALJ decision holding that the Fairland Plant is a mine and subject to MSHA jurisdiction under the Mine Act. Accordingly, when considering Carson's conduct in delivering an unveiled threat by letter to MSHA employees, Court intervention is the only remaining option to safely complete any upcoming inspection, as authorized by the Mine Act.

WHEREFORE, Plaintiff prays that Defendants, their officers, agents, servants, employees, attorneys, and all those in active concert and participation with them, be preliminarily and permanently enjoined as follows:

1. From interfering with, hindering, or delaying authorized representatives of the Secretary of Labor from carrying out the provisions of the Mine Act.

2. From refusing to admit authorized representatives of the Secretary into the Fairland Plant, or any other mine operated by Defendants within the jurisdiction of this Court;

3. From refusing to permit inspection or investigation of the Fairland Plant, or any other mine operated by Defendants within the jurisdiction of this Court; and

4. For such other relief as the Court may deem just and proper.

Additionally, Plaintiff prays for the following relief:

1. For an order providing for the U.S. Marshal Service to accompany the inspectors on their inspections of the Fairland Plant until such time as the MSHA inspectors reasonably believe that Defendants will not interfere with their ability to carry out their duties under the Act. The Plaintiff requests that Defendants bear the cost of the U.S. Marshal Service's accompaniment.

2. For an order requiring Defendants to reimburse the Secretary for all fees, costs,

expenses and attorney fees associated with this action, including reimbursement for time expended by the MSHA inspector based on the delay and hindrance of Defendants;

3. Plaintiff requests a hearing on the injunctive relief be held as soon as is practicable.

    Respectfully Submitted,

    U.S. Department of Labor

    SEEMA NANDA
    Solicitor of Labor

    JOHN RAINWATER
    Regional Solicitor

    CONNIE M. ACKERMANN
    Deputy Regional Solicitor

    MIA TERRELL
    Counsel for MSHA

    /s/ Mia Franklin Terrell

    Attorney-in-Charge
    Bar Card No. 24010035
    United States Department of Labor
    Office of the Solicitor
    525 Griffin Street, Suite 501
    Dallas, TX 75202
    Telephone: (972) 850-3100
    Facsimile: (972) 850-3101
    Email: docket.dallas@dol.gov
    terrell.mia@dol.gov